IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

**CAITLYN PITRE**

                       **CASE NO. 3:17-cv-1546-BAJ-RLB**

   **v.**

**NATIONWIDE MUTUAL INSURANCE COMPANY**

      **Consolidated With**

**GABRIEL ORTIZ**

                       **CASE NO. 3:17-cv-1547-JWD-EWD**

   **v.**

**NATIONWIDE MUTUAL INSURANCE COMPANY**

*This Motion Applies To:*

*Gabrial Ortiz v. Nationwide Mutual Insurance Company*, **CV 3:17-cv-1547-JWD-EWD**

### MOTION TO DISMISS AMENDED COMPLAINT OR IN THE ALTERNATIVE REQUEST FOR CASE MANAGEMENT ORDER REQUIRING PRODUCTION OF SPECIFIC CLAIMS DOCUMENTS

     Defendant, Nationwide Mutual Insurance Company ("Nationwide"), by and through its undersigned counsel, files this Motion to Dismiss Plaintiff's Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in support thereof states:

     1.    As stated in Nationwide's Motion to Dismiss Plaintiff's initial Complaint, this is a breach of contract case involving a federal flood insurance policy issued pursuant to the National Flood Insurance Act ("NFIA"). Plaintiff, Gabriel Ortiz ("Ortiz"), brings this action against his insurer, Nationwide Mutual Insurance Company, a fiscal agent of the United States as a Write-Your-Own carrier participating in the National Flood Insurance Program ("NFIP"). Plaintiff

alleges that Nationwide "failed to adequately compensate [the Plaintiff] for all covered losses" in breach of his Standard Flood Insurance Policy ("Policy").  (See ECF No. 6 at ¶¶13-26).

2. The alleged losses were the result of flood damage to the Plaintiff's property located at 1011 S. Stacy Ave., Gonzales, Louisiana 70737 ("Insured Property") in August of 2016. Ortiz reported the loss under the Standard Flood Insurance Dwelling Policy, and Nationwide sent an adjuster to inspect the property and prepare an estimate for the damage. Ortiz signed a Proof of Loss after the inspection.  (See ECF No. 6 at ¶¶15-21).

3. Plaintiff alleges that covered items were not paid by Nationwide.  (See ECF No. 6 at ¶¶ 21-22).

4. Plaintiff's Amended Complaint, like his initial Complaint, fails to state a claim, and Nationwide hereby moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In support of this motion, Nationwide has submitted an accompanying Memorandum of Law for this Court's consideration.

5. In the alternative, Nationwide requests that this Court require Plaintiff to produce documentation and information that is absent from Plaintiff's Amended Complaint, including all submitted proofs of loss, supporting documentation, and denials as well as identification of the amount sought for relief and the specific policy provisions Plaintiff alleges Nationwide breached. Nationwide has accordingly submitted a Proposed Preliminary Case Management Order, incorporated herein for this purpose.

WHEREFORE, for the foregoing reasons and those further set forth in the accompanying memorandum of law, Defendant Nationwide Mutual Insurance Company moves this Court to dismiss the Plaintiff's Amended Complaint with prejudice, or in the alternative, require the production of pertinent documentation prior to moving this case forward.

Respectfully Submitted,

/s/ *David A. Pote*
JAMES R. SUTTERFIELD (#12597)
DAVID A. POTE (#32967)
SUTTERFIELD & WEBB, LLC
650 Poydras Street, Suite 2715
New Orleans, Louisiana 70130
Tel: (504) 598-2715
Fax: (504) 529-7197
E-mail: dpote@swslaw.com
*Counsel for Nationwide Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February, 2018, the foregoing Motion to Dismiss Plaintiff's Amended Complaint and Memorandum in Support Thereof was electronically filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filling to all counsel of record to these proceedings.

/s/ *David A. Pote*
David A. Pote
