UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GABRIEL ORTIZ                             CIVIL ACTION

VERSUS

NATIONWIDE MUTUAL
INSURANCE COMPANY               NO.: 17-01547-BAJ-EWD

### RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 4)** and **Motion to Dismiss Amended Complaint or in the Alternative Request for Case Management Order Requiring Specific Claims Documents (Doc. 9)** filed by Defendant Nationwide Mutual Insurance Company ("Defendant"), seeking the dismissal of the breach of contract claim asserted by Plaintiff Gabriel Ortiz ("Plaintiff"). For the reasons herein, the **Motion to Dismiss (Doc. 4)** is **DENIED AS MOOT** and the **Motion to Dismiss Amended Complaint or in the Alternative Request for Case Management Order Requiring Specific Claims Documents (Doc. 9)** is **DENIED**.

I.     BACKGROUND

Defendant is an insurance company which participates in the federal government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act ("NFIA"). (Doc. 9 at p. 2) The NFIP allows an individual to

purchase a Standard Flood Insurance Policy ("SFIP") either directly from the Federal Emergency Management Agency ("FEMA") or from private insurance companies. (*Id.*) These private insurance companies are known as "Write Your Own" ("WYO") carriers and are authorized by federal regulation to sell SFIPs under their own names. (*Id.*) Defendant asserts that WYO carriers act as "fiscal agents" of the federal government because the United States Treasury pays out all SFIP claims as well as the costs involved in the adjustment of such claims. (*Id.*)

In August of 2016, flooding devastated large segments of Louisiana, and allegedly caused damage to Plaintiff's property. (Doc. 7 at p. 3) It is undisputed that Plaintiff had purchased an SFIP from Defendant and that the property was covered by the policy at this time. (Doc. 7 at p. 4) Plaintiff asserts that he timely reported these losses to Defendant. (*Id.*) Defendant sent an adjuster to Plaintiff's property who, with Defendant's approval, prepared a damage estimate and Proof of Loss. An SFIP requires the insured party to submit a Proof of Loss in support of their insurance claim within sixty days of the loss in order to recover. (*Id.* at 4) Plaintiff claims that the Proof of Loss did not comply with the provisions of the policy, Defendant's general claims handling standards, or NFIP claims manuals. (*Id.*) Plaintiff further claims that he was forced to sign and submit the Proof of Loss based on the insurance adjuster's inspection of the property in order to receive an initial damage assessment. (*Id.* at 7) Plaintiff asserts that he ultimately realized that numerous items that were covered under the SFIP had been omitted or underpaid by Defendant. (*Id.*)

Plaintiff alleges that after realizing he had been underpaid, he retained independent experts to evaluate the extent of the flood loss. (Doc. 7 at p. 5) Based on

2

this second estimate, Plaintiff allegedly submitted a second timely Proof of Loss to support a supplemental insurance claim. (*Id.*) Plaintiff asserts that even though Defendant received this second Proof of Loss, Defendant unfairly and improperly persisted in denying these claims. (*Id.* at 6) As a result, Plaintiff filed a breach of contract claim against Defendant. (Doc. 7 at p. 6)

In the instant motions, Defendant appears to argue that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because this matter is not ripe for judicial review and because Defendant possesses sovereign immunity. (Doc. 9 at p. 8) Alternatively, Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) because of deficiencies in Plaintiff's complaint. (*Id.*) Finally, Defendant asks that, if the Court denies the motion to dismiss, it issue a case management order requiring Plaintiff to produce specific documents to support his claim. (*Id.*)

## II.  LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a claim is "'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In order to "prevent[ ] a court without jurisdiction from prematurely dismissing a case with prejudice," a court should consider a Rule 12(b)(1) motion for lack of subject-matter jurisdiction before addressing any motions that concern the merits of a case. *Id.* at 286–87 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

3

A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). That standard seeks to determine whether "a complaint ... contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on a Rule 12(b)(1) motion, however, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."[1]

---

[1] Here, neither party has submitted affidavits, testimony, or other evidentiary materials. Thus, the Court's review is limited to whether the allegations in Plaintiff's original complaint and subsequent amended complaint are sufficient to establish subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981) ("[I]f the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands.").

4

*Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir.2009); *Ramming*, 281 F.3d at161 (holding that a court ruling on a Rule 12(b)(1) motion may evaluate "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.).

III. DISCUSSION

A. Dismissal for Lack of Subject Matter Jurisdiction

Defendant asserts that the Court lacks subject matter jurisdiction in this matter under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff fails to properly allege that Defendant denied his supplemental insurance claim based on the second Proof of Loss. (Doc. 16 at p. 6) First, Defendant argues that this failure precludes the Court from finding that the issue is ripe for review. (*Id.*) Second, Defendant argues that this failure means that it is protected by sovereign immunity. (*Id.* at 5) Defendant asserts that it acts as a fiscal agent of the government by providing federal insurance policies and is therefore immune from suit in the absence of a congressional waiver. (*Id.*) Defendant further asserts that in the NFIA, Congress established a limited waiver of sovereign immunity, which only applies when an insurance carrier denies Plaintiff's supplemental insurance claim. (*Id.*)

The Court finds that it possesses subject matter jurisdiction because Plaintiff has adequately alleged that Defendant denied his supplemental insurance claim. Plaintiff's complaint states that after receiving documentation evidencing

5

Defendant's substantial underpayment, Defendant "unfairly and improperly persisted in denying [his supplemental] claims." (Doc. 7 at p. 6) Defendant argues that Plaintiff's complaint is deficient because he does not specify precisely when Defendant denied his supplemental insurance claim. However, by asking Plaintiff to specify the time of denial, Defendant applies a higher pleading standard than federal courts require. *See Twombly*, 550 U.S. at 555 ("A complaint need not set out detailed factual allegations."). Plaintiff's allegation that Defendant repeatedly denied his supplemental insurance claim is sufficient under a motion to dismiss. Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

### B. Dismissal for Failure to State a Claim

#### 1. *Failure to Allege Violation of Louisiana Law*

Defendant moves to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), should the Court determine that it possesses subject matter jurisdiction. First, Defendant argues that in order to adequately state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege the breach of a specific policy provision, which Plaintiff has failed to do in this case (Doc. 9 at p. 3). Plaintiff argues that Louisiana state law is inapplicable to the case at hand, since federal law preempts all state law matters in disputes arising from SFIP claims. (Doc. 13 at p. 9). Furthermore, Plaintiff asserts that federal law does not require a complaint to cite which specific policy provisions have been breached, as there is no special pleading standard for federal law breach

of contract cases. (Id.) Plaintiff asserts that the general pleading requirements of Federal Rule of Civil Procedure 8 govern.

To the extent that Plaintiff argues that Louisiana state law does not apply to the pleading standard regarding a breach of contract claim under the SFIP, the Court agrees. Defendant cites a string of cases in which the Fifth Circuit has applied the Louisiana pleading standard to breach of insurance contract claims. The Court finds these cases inapplicable to the instant case. As Plaintiff correctly highlights, none of the cited cases address the pleading standard for breach of contract claims arising under the SFIP; rather, they address contracts formed under Louisiana law. *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 778 (5th Cir.2002) (applying Louisiana pleading standard to class action involving automobile insurance policies governed by Louisiana law); *Bergeronv. Pan Am. Assurance Co.*, 731 So.2d 1037, 1038 (La. App. 4th Cir. 1999) (applying Louisiana pleading standard to class action involving life insurance policies and their sale under Louisiana law); *Hibbets v. Lexington Ins. Co.*, 377 F. Appx. 352, 355 (5th Cir. 2010) (applying Louisiana pleading standard to class action involving homeowner's insurance policies governed by Louisiana law). All SFIP disputes are governed exclusively by federal law, including the flood insurance regulations issued by FEMA, that National Flood Insurance Act of 1968 and federal common law. 44 C.F.R. pt. 61, app. A(1) art. IX. Moreover, federal courts have consistently applied the pleading standard of Federal Rule of Civil Procedure 8 to SFIP breach of contract claims. See, e.g. *Vidos v. American Strategic Ins. Co.*, No. 13-5610, 2014 WL 1050791, at *1 (E.D. La Mar. 17, 2014) (finding that "insureds under SFIP

policies have one remedy, and only one remedy for nonpayment of claims; a suit for breach of contract"). These courts have permitted breach of contract claims by plaintiffs alleging that they did not fully recover under the SFIP, as Plaintiff does in the instant case, to survive a Rule 12(b)(6) motion to dismiss. *Id.* Accordingly, the Court finds it unnecessary for the Plaintiff to cite the breach of a specific SFIP policy provision to recover on his breach of contract claim.

### 2. *Failure to Allege Compliance with SFIP Provisions*

Defendant avers that Plaintiff's claim should be dismissed because Plaintiff does not allege sufficient factual matter to prove that he has met the SFIP requirements necessary for an insured party to bring suit. (Doc. 9 at p. 12) These requirements include giving prompt written notice to the insurer, separating damaged and undamaged property as soon as reasonably possible, and sending a Proof of Loss in support of the insured party's claim within sixty days of the loss. (Doc. 9 at p. 4) Defendant asserts that Plaintiff has not specifically pled that he comported with any of these provisions. (Doc 13 at p. 4).

To the extent that Defendant argues that Plaintiff must comply with SFIP provisions necessary to bring suit, the Court agrees. The Fifth Circuit has repeatedly emphasized that the provisions of an insurance policy issued pursuant to the NFIP must be strictly construed and enforced. *E.g., Roussell v. Allstate Ins. Co.,* 26 F. Supp. 3d 552, 558–59 (5th Cir. 2014) (citing *Gowland v. Aetna,* 143 F.3d 951, 954 (5th Cir. 1998). Accordingly, individuals covered by an SFIP cannot file a lawsuit unless they have complied with all relevant SFIP provisions. *Richardson v.*

*Am. Baners. Ins. Co. of Fla.*, 279 Fed. Appx. 295, 298 (5th Cir.2008) (citing 44 C.F.R. pt. 61, app. A(1) art. VII(R)).

However, Plaintiff has sufficiently alleged that he complied with the SFIP provisions necessary for suit. Federal Rule of Civil Procedure 9(c) provides that "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." In the instant case, Plaintiff alleges that he complied with all conditions precedent to recovery by paying all premiums, timely notifying Insurer of loss, and by providing timely and satisfactory Proof of Loss. (Doc. 7 at pg. 6). The Court finds that this is more than sufficient under the lenient standard established by Rule 9(c). Moreover, Plaintiff surpasses this standard by attaching the Proof of Loss he timely submitted to Defendant.[2] The Proof of Loss appears to meet the requirements specified in the SFIP, including indicating the date and time of the loss, an explanation of how it happened, and an inventory of damaged personal property. Thus, taking Plaintiff's complaint and the facts contained therein as true, the Court must deny the motion at this time and allow discovery to proceed on the breach of contract claim.

---

[2] The Proof of Loss is integral to Plaintiff's complaint; thus the court may consider it without converting Defendants' respective motions to dismiss into motions for summary judgment. Fed. R. Civ. P. 12(d); *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308, 322 (2007).
The Proof of Loss was submitted on October 18, 2017, which far exceeds the sixty day post loss timeframe allotted by the SFIP. However, FEMA waived this time period for August 2016 Louisiana flood victims until December 31, 2017, thereby rendering Plaintiff's submission timely. *Deadline for NFIP Supplemental Proof of Loss Claims Fast Approaching*, Louisiana Department of Insurance, (Dec. 21 2017), http://www.ldi.la.gov/news/press-releases/12-13-17-deadline-for-nfip-supplemental-proof-of-loss-claims-fast-approaching.

### C. Motion for a Case Management Order

The Defendant requests that, as an alternative to ruling on Plaintiff's Motion to Dismiss, the Court order Plaintiff to cure the defects in its First Amended Complaint by providing documentation proving that Plaintiff complied with the SFIP requirements for suit and that Defendant denied Plaintiff's claim for supplemental recovery. (Doc. 9-2 at p. 2) Because the Court denies Defendant's motion to dismiss, the Court finds it unnecessary to address this issue. Accordingly, Defendant's motion for a case management order is denied as moot.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 4) is DENIED AS MOOT. IT IS FURTHER ORDERED** that the **Motion to Dismiss Amended Complaint or in the Alternative Request for Case Management Order Requiring Production of Specific Claims Documents (Doc. 9) is DENIED.**

Baton Rouge, Louisiana, this 14th day of September, 2018.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA